Jon G. Shadinger Jr, Esq.
Shadinger Law, LLC
160 Cumberland Ave.
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DENNIS MAURER, an Individual,<br>  Plaintiff,<br><br>vs.<br><br>A TOUCH OF ITALY, LLC, a New Jersey Limited Liability Company,<br><br>and<br><br>6629 BLACK HORSE PIKE ASSOCIATES, LLC, a New Jersey Limited Liability Company,<br><br>  Defendants. | Case No. 1:19-cv-20653 |

## **COMPLAINT**

Plaintiff, DENNIS MAURER, an Individual, on his behalf and on behalf of all other mobility impaired individuals similarly situated hereby sues the Defendants, A TOUCH OF ITALY, LLC, a New Jersey Limited Liability Company and 6629 BLACK HORSE PIKE ASSOCIATES, LLC, a New Jersey Limited Liability Company, (hereinafter, collectively, sometimes referred to as "Defendants") for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12.

**COUNT I**
**VIOLATION OF TITLE III OF THE**
**AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.***

1.  Plaintiff, DENNIS MAURER, is an individual residing at 8 Prospect Avenue, Egg Harbor Township, New Jersey 08234, in the County of Atlantic.

2.  Defendant, A TOUCH OF ITALY, LLC, owns or operates a place of public accommodation located at the subject property alleged by the Plaintiff to be operating in violation of Title III of the ADA.

3.  Defendant, 6629 BLACK HORSE PIKE ASSOCIATES, LLC, holds title to the subject property alleged by the Plaintiff to be operating in violation of Title III of the ADA.

4.  Defendants' property, also known as A Touch of Italy Restaurant, is located at 6629 East Black Horse Pike, Egg Harbor Township, New Jersey 08234, in the County of Atlantic (hereinafter sometimes referred to as "Subject Property" or the "Restaurant").

5.  Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs.  The Defendants' property is located in and does business within this judicial district.

6.  Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

7.  Plaintiff, DENNIS MAURER, is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff has multiple sclerosis, is mobility impaired, and requires the use of a wheelchair to ambulate.

8.  Mr. Maurer has visited the property that forms the basis of this lawsuit on multiple occasions, with the last such visit occurring in November 2019.  Mr. Maurer plans to return to the

subject property in the very near future to avail himself of the goods and services offered to the public at the property.

9. Mr. Maurer has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

10. Defendant, A TOUCH OF ITALY, LLC, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as A Touch of Italy Restaurant, and is located at 6629 East Black Horse Pike, Egg Harbor Township, New Jersey 08234.

11. Defendant, 6629 BLACK HORSE PIKE ASSOCIATES, LLC, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as A Touch of Italy Restaurant, and is located at 6629 East Black Horse Pike, Egg Harbor Township, New Jersey 08234.

12. Mr. Maurer has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 15 of this complaint.

13. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Restaurant, not only to avail himself of the goods and services available at the property but to assure himself that this property is in full compliance with the ADA so that he and others similarly situated will have

full and equal enjoyment of the property without fear of discrimination.

14. The Defendants have discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

15. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Defendants' property, A Touch of Italy Restaurant, has shown that violations of the ADA exist. The following are violations that DENNIS MAURER has personally encountered or observed during his visits to the Subject Property:

**Parking and Exterior Accessible Route**

a. Parking spaces throughout the Subject Property are not maintained, lack access aisles, and fail to provide a compliant accessible route, violating Sections 402, 502, and 502.4 of the 2010 Standards for Accessible Design. These barriers prevent Mr. Maurer from freely and safely entering/exiting his van. On certain occasions, he has parked away from the accessible parking in order to access the restaurant in a safe manner.

b. The Subject Property fails to provide the required number of compliant accessible parking spaces, violating Section 502 of the 2010 Standards for Accessible Design. The lack of accessible parking has forced Mr. Maurer to park away from the Restaurant in an open area so that he may freely enter and exit his van.

c. The exterior accessible route from parking spaces at the Subject Property fails to provide a safe, accessible route, violating Section 402 of the 2010 Standards for Accessible Design. Mr. Maurer is forced to travel through the traffic area of the parking lot in order to access the restaurant; this presents him with the danger of encountering oncoming vehicles.

d.     The Subject Property fails to provide an accessible route to the adjacent street, sidewalk or bus stop, violating Section 206.2.1 of the 2010 Standards for Accessible Design. The lack of an accessible route to the sidewalk limits Mr. Maurer's options for transportation.

**Access to Goods and Services**

e.     The Restaurant fails to provide wheelchair accessible dining tables, violating Section 902 of the 2010 Standards for Accessible Design. Due to the lack of accessible seating Mr. Maurer is unable to dine comfortably.

f.     The entering/exiting of doors at the Subject Property is impeded by a lack of latch side clearance and slopes beyond the 2.0% limit, violating Sections 402 and 404 of the 2010 Standards for Accessible Design. Due to the presence of this barrier Mr. Maurer cannot enter the restaurant without assistance, as he cannot approach the doors freely.

**Restrooms**

g.     The restroom at the Subject Property lacks accessibility and is unsafe for use by Mr. Maurer; and all those in wheelchairs. The restrooms contain inaccessible water closets which lack signage, and a lack of wheelchair maneuvering clearance, violating Section 601 of the 2010 Standards for Accessible Design.

h.     The Subject Property provides water closets which contain improper centerlines, and toilet seat heights which are too low; a violation of Section 604 of the 2010 Standards for Accessible Design. Mr. Maurer is unable to access the water closets due to a lack of accessible elements.

i.     Restrooms within the Subject Property provide dispensers which are mounted beyond the reach of wheelchair users and are inaccessible to Mr. Maurer; violating Section 308 of the 2010 Standards for Accessible Design.

j.     The using of restroom doors at the Subject Property is impeded by a lack of maneuvering clearance, violating Section 404 of the 2010 Standards for Accessible Design. Due to the presence of goods, Mr. Maurer is unable to exit the restroom without assistance.

16.     Each of the foregoing violations is also a violation of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG) and the 2010 Standards for Accessible Design,

as promulgated by the U.S. Department of Justice.

17. The discriminatory violations described in paragraph 15 are not an exhaustive list of the ADA violations that exist at Defendants' property but are the result of a preliminary inspection. Plaintiff requires thorough inspection of the Defendants' place of public accommodation in order to photograph and measure the architectural barriers which exist at the subject property and violate the ADA. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

18. Defendants have discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 <u>et seq</u>. and 28 CFR 36.302 <u>et seq</u>. Furthermore, the Defendants continue to discriminate against the Plaintiff and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and the Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

20. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure – to the maximum extent feasible – that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

23. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter A Touch of Italy Restaurant and make the Subject Property readily accessible and useable to the Plaintiff and all other persons

with disabilities as defined by the ADA; or by closing the subject property until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a.    The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

    b.    Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

### COUNT II
### VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION
*(N.J.S.A. 10:5-12)*

24.    Plaintiff re-alleges and incorporates by reference all allegations set forth in this Complaint as fully set forth herein.

25. Defendants' facility is a place of public accommodation as defined by N.J.S.A 10:5-5, (New Jersey Law Against Discrimination).

26. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right (N.J.S.A. 10:5-4.)

27. As set forth above, Defendants have violated the New Jersey Law Against Discrimination by denying disabled individuals the full and equal enjoyment of the goods, facilities, services and accommodations available at the subject property, A Touch of Italy Restaurant.

28. As a result of the aforementioned discrimination, Plaintiff DENNIS MAURER has sustained emotional distress, mental anguish, suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Plaintiff, DENNIS MAURER respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully submitted,

Dated: November 22, 2019

/s/ Jon G. Shadinger Jr.
Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
NJ Attorney ID No. 036232017
160 Cumberland Ave
P.O. Box 279
Estell Manor, NJ 08319
(609) 319-5399
(314) 898-0458 - Fax
js@shadingerlaw.com
*Attorney for Plaintiff, Dennis Maurer*